IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL SMITH,

    Plaintiff,   No. CIV S-07-0181 MCE DAD PS

    v.

CALIFORNIA COMMISSION ON   <u>ORDER</u>
TEACHER CREDENTIALING, et al.,

    Defendants.
_____/

    Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to the undersigned in accordance with Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted an application that makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, plaintiff's application to proceed in forma pauperis will be granted.

    The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to dismiss the case at any time if it determines the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

1    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
2 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28
3 (9th Cir. 1984).  Under this standard, a court must dismiss a claim as frivolous where it is based
4 on an indisputably meritless legal theory or where the factual contentions are clearly baseless.
5 See Neitzke, 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

6    A complaint, or portion thereof, should be dismissed for failure to state a claim on
7 which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts
8 in support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding,
9 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.
10 Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
11 complaint under this standard, the court accepts as true the allegations of the complaint.  Hospital
12 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court also construes the
13 pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor.
14 See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15    Here, the allegations in plaintiff's complaint are vague and conclusory.  Although
16 the Federal Rules adopt a flexible pleading policy, a complaint must give the defendants fair
17 notice of the plaintiff's claims and must allege facts that state the elements of the claims plainly
18 and succinctly.  See Fed. R. Civ. P. 8(a)(2); see also Jones v. Community Redev. Agency, 733
19 F.2d 646, 649 (9th Cir. 1984).  The plaintiff must allege with at least some degree of particularity
20 overt acts which the defendants engaged in that support the plaintiff's claims.  733 F.2d at 649.

21    Plaintiff's complaint consists of three pages.  The cover page identifies the
22 defendants as California Commission on Teacher Credentialing (CCTC) and Sam W. Swofford,
23 Executive Director of CCTC.  On the second page, plaintiff asserts jurisdiction based on federal
24 question.  Plaintiff alleges that defendants sent a notice of revocation of plaintiff's teaching
25 credential to other states and thereby (1) subjected plaintiff to cruel and unusual punishment in
26 violation of plaintiff's Eighth Amendment rights, (2) interfered with plaintiff's First Amendment

right to the pursuit of happiness, (3) knowingly and intentionally deprived plaintiff of fundamental and primary rights "in violation of Title 18," (4) made plaintiff's private matters public, "creating a false light," in violation of plaintiff's Fourth Amendment right to privacy, (5) violated the statutory guidelines of "the Title 5 statute, Section 80303 and 80310," and (6) defamed plaintiff's character by unauthorized disclosure of derogatory material to unauthorized agencies.  Plaintiff seeks a jury trial, a permanent injunction stopping the Commission from damaging plaintiff's ability to gain future employment, and punitive damages in the sum of $1,500,000.00 from defendant Swofford.  The third page of the complaint is a civil cover sheet in which plaintiff cites 42 U.S.C. § 1983 and alleges that the CCTC revoked his teaching credential in violation of state statutes and reiterates his requests for money damages and injunctive relief.

   No discernible federal claim for relief has been alleged.  The Eighth Amendment's proscription against cruel and unusual punishment does not regulate state action outside the criminal process.  Jones v. City of Los Angeles, 444 F.3d 1118, 1127-28 (9th Cir. 2006) (citing Ingraham v. Wright, 430 U.S. 651, 667-68 (1977)).  The First Amendment contains no provision concerning the pursuit of happiness, and plaintiff has not alleged facts demonstrating that he has a reasonable expectation of privacy in a state agency's decisions concerning his teaching credential.  Plaintiff's vague references to Title 18 and Title 5 are insufficient to demonstrate a violation of any federal right, and plaintiff's unsupported claim of defamation raises only a state law issue.

   Plaintiff's claims appear to lack an arguable basis either in law or in fact.  The claims must be dismissed as frivolous because, as alleged, they are based on indisputably meritless legal theories and fail to set forth factual allegations giving rise to federal jurisdiction.

   While the complaint alleges no plausible basis for federal jurisdiction, the court recognizes that plaintiff is attempting to bring an action under 42 U.S.C. § 1983 for alleged violations of his civil rights.  To the extent that plaintiff is attempting to bring a § 1983 action, his current complaint fails to allege how the act complained of resulted in the deprivation of any

right, privilege, or immunity secured by the Constitution or federal law. See L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991). The Civil Rights Act provides as follows:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The court notes that plaintiff has not alleged the date of the act or acts complained of. Plaintiff is informed that a one-year statute of limitations applies to § 1983 claims.[1] See Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999) (statute of limitations for § 1983 claim is governed by period set forth in state tort law for personal injury actions). If plaintiff has not brought this action within the statute of limitations, this action is subject to dismissal on that ground.

Plaintiff's complaint must be dismissed. Nonetheless, the court will grant leave to file an amended complaint. If plaintiff chooses to file an amended complaint, he must set forth the grounds upon which the court's jurisdiction depends and allege clear and concise factual allegations describing the events which underlie his claims.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make a plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended

---

[1] California's personal injury statute of limitations applicable to federal § 1983 actions changed from one year to two years effective January 1, 2003. See Cal. Civ. Proc. Code § 335.1.

4

complaint be complete in itself without reference to prior pleadings. This is because, as a general rule, a first amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files his amended complaint, the initial complaint will no longer serve any function in this case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. An amended pleading that fails to provide the necessary factual allegations will likely be dismissed.

Plaintiff is forewarned that failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed as legally frivolous.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's January 29, 2007 application to proceed in forma pauperis is granted;

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; any amended complaint must bear the case number assigned to this case and must be labeled "Amended Complaint." Plaintiff must submit an original and one copy of the amended complaint for the court's use.

DATED: March 7, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\smith0181.ifp.lta