IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL SMITH,

    Plaintiff,                        No. CIV S-07-0181 MCE DAD PS

    v.

CALIFORNIA COMMISSION ON        FINDINGS AND RECOMMENDATIONS
TEACHER CREDENTIALING, et al.,

    Defendants.
_____/

        Plaintiff is proceeding pro se with this action.  The undersigned previously granted plaintiff's request to proceed in forma pauperis and dismissed plaintiff's complaint with leave to amend.  Plaintiff's amended complaint is before the court.

        When a plaintiff proceeds in forma pauperis, the court is required to dismiss the case at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The district court should dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

1

327.  A complaint should be dismissed for failure to state a claim on which relief may be granted if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Here, plaintiff was informed that the court cannot refer to a prior pleading in order to make an amended complaint complete and that an amended complaint must therefore be complete in itself without reference to prior pleadings.  Despite being advised that his amended complaint would supersede the original complaint, plaintiff has filed an amended complaint that does not identify all defendants in the caption, does not contain a section identifying all parties, does not include a jurisdictional statement, and presents no prayer for relief.  Although the caption of the amended complaint identifies the defendants as "California Commission on Teacher Credentialing, et al.," all of plaintiff's factual allegations appear to be directed at Sam W. Swofford, Executive Director of the Commission.

Plaintiff's amended complaint commences with a section titled "Memorandum of Points and Authorities in Support."  In the three-page memorandum, plaintiff lists three federal constitutional amendments and a dozen state law causes of action.  It appears that plaintiff is attempting to assert federal question jurisdiction grounded on the Fourth, Fifth, and Fourteenth Amendments.  Plaintiff describes the Fourth Amendment as guaranteeing his right to be secure in his papers and effects against unreasonable seizures, the Fifth Amendment as providing that no

person shall deprive him of property without due process of law, and the Fourteenth Amendment as providing that no state shall deprive him of property without due process of law or deny him equal protection of the law.

Plaintiff's attempt to invoke the Fourth Amendment is confusing, at best. Plaintiff claims that the revocation of his teaching credential was a violation of his right to be secure in his papers against unreasonable searches and seizures. Plaintiff appears to believe that an unreasonable search or seizure occurred when the Commission revoked his teaching credentials and required him to surrender all documents authorizing his employment in the public schools of California. Plaintiff alleges no facts concerning the basis for the revocation and offers only a conclusory contention that the Commission "did not have probable cause." The undersigned finds that plaintiff has failed to allege enough facts to state a plausible Fourth Amendment claim to relief.

Plaintiff's attempt to invoke the Due Process Clauses of the Fifth and Fourteenth Amendments is equally deficient. Plaintiff has alleged virtually no facts concerning the revocation of his teaching credential and has not alleged the omission of any specific procedure mandated by the United States Constitution. The undersigned finds that plaintiff has failed to allege enough facts to state a plausible due process claim.

Plaintiff's attempt to invoke the Equal Protection Clause of the Fourteenth Amendment also fails. Where a plaintiff has not alleged discrimination based on his membership in a protected class, the constitutional guarantee of equal protection of the laws "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). See also McQueary v. Blodgett, 924 F.2d 829, 834-35 (9th Cir. 1991) (a plaintiff may state a discrimination claim under § 1983 by alleging facts showing that a law or rule was not applied evenhandedly to him). Plaintiff's equal protection claims appears to be based on a misreading of state law. According to plaintiff, a state regulation and statute provide that the notice of the credential committee's recommendation and

confidential investigative report will be sent to "all known educational employers," not to "all employers." However, the document plaintiff complains of having been sent to others in violation of the regulation and statute is not a committee recommendation, but the Commission's notice of revocation and demand for surrender of credentials, which is governed by a different statute. See Cal. Educ. Code § 44245 (providing that all final actions taken with regard to suspension or revocation of credentials shall be made public). With respect to plaintiff's claim concerning the date of a report of change in employment status, plaintiff appears to confuse the date of his placement on administrative leave and the date of the actual change in his employment status. The undersigned finds that plaintiff has failed to allege facts that state a plausible equal protection claim.

    Each constitutional claim alleged in plaintiff's amended complaint lacks an arguable basis in law or in fact and fails to state a federal claim upon which relief may be granted. Plaintiff was advised of the requirements for seeking relief under 42 U.S.C. § 1983 but has not alleged facts showing that he was deprived of a right, privilege, or immunity secured by the Constitution or federal law. See L.W. v. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991). Moreover, the Eleventh Amendment serves as a jurisdictional bar to federal suits for damages brought by private parties against a state or a state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). The California Commission on Teacher Credentialing has not waived Eleventh Amendment immunity. To the extent that plaintiff may seek damages from the Commission or its executive director acting in his official capacity, such claims are legally frivolous. Any claims for non-monetary relief from the Commission must also be dismissed because the States and their departments, agencies and other political subdivisions are not "persons" for purposes of § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 65-66, 70-71 (1989); Gilbreath v. Cutter Biological, Inc., 931 F.2d 1320, 1327 (9th Cir. 1991).

The undersigned has found that the allegations in plaintiff's amended complaint fail to state any federal claim upon which relief may be granted. It appears clear that granting leave to amend a second time would be futile. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987). The undersigned will therefore recommend that the federal claims be dismissed without further leave to amend. In the absence of any cognizable federal claim, plaintiff's supplemental state claims should be dismissed without prejudice. See 28 U.S.C. § 1367(c)(3) (authorizing the district court to decline to exercise supplemental jurisdiction over state claims where the court has dismissed all claims over which it had original jurisdiction).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's federal claims be dismissed for failure to state a claim upon which relief may be granted; and

2. Plaintiff's supplemental state claims be dismissed without prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within ten court days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 21, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\smith0181.f&r

5